JOSEPH POTTNER and another *vs.* CITY OF MINNEAPOLIS.

June 18, 1889.

**Municipal Corporation—Defective Gutter.**—*Held*, that the trial court was justified in directing a verdict for defendant, for the reason that there was no evidence reasonably tending to prove that the negligence charged was the cause of the injury complained of.

Plaintiffs brought this action in the district court for Hennepin county, to recover $362 damages for the overflowing of their cellar by reason of defendant's alleged negligence in allowing a gutter on Franklin avenue to become filled up with rubbish and dirt. At the trial before *Searle*, J., (acting for a judge of the 4th district,) a verdict was directed for defendant at the close of plaintiffs' case. Plaintiffs appeal from an order refusing a new trial.

*R. H. Day*, for appellants.

*Robert D. Russell*, for respondent.

MITCHELL, J. The negligence charged against the city was permitting the gutter or drain on the south side of Franklin avenue, below plaintiffs' premises, and in front of the street-car barn, also the gutter or drain on the north side of Franklin avenue, and diagonally across from plaintiffs' premises, to become obstructed and filled with rubbish and dirt, so as to back up the water and cause it to overflow into the basement of plaintiffs' building. We think the trial court was right in directing a verdict for defendant, for the reason that there was no evidence reasonably tending to prove that the negligence charged was the proximate cause of the injury complained of. Most of the testimony descriptive of the *locus in quo* and of the course of the water was given with reference to a map, presented to the witnesses, and upon which they pointed out places and directions, using the words "here" and "there," but with no marks on the map, as returned in the record before us, to indicate to what they referred. Hence much of it is wholly or partially unintelligible. Therefore, although the record purports to contain all the evidence, under the circumstances it would require a pretty strong case to warrant us in

reversing the ruling of the trial judge. But, so far as we can understand it, the evidence, if it proves anything on the subject, shows that the cause of the injury was the excavation made by Weller on the lot adjacent to plaintiffs' building, into which there was a wagon-path leading from the street, on which teams passed in hauling dirt from the excavation. By continually driving over it this path had cut out into the street, so that it was lower than the ground on either side of it, and lower than the gutter, so that during a heavy rain the water displaced a plank placed across the path the night before, and rushed down into the excavation, and thence through plaintiffs' basement or area wall. For the defective condition of the gutter at this. point the city was not responsible, as there is no evidence that it had notice, either actual or implied, of its existence. Moreover, this was. not the negligence charged in the complaint. There is nothing in plaintiffs' first and second assignments of error, because in the one case the evidence excluded was incompetent, and in the other the evidence admitted was proper cross-examination.

Order affirmed.